**STATE of Tennessee, Appellee,**

v.

**Phillip Lee STRANGE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 24, 1989.

Permission To Appeal Denied by Supreme Court May 8, 1989.

Robert N. Hibbett, Knoxville, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Miriam Nabors Banks, Asst. State Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., S. Jo Helm, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of armed robbery and sentenced to serve forty years as a Range II persistent and aggravated offender.

The defendant says the lineup identification of him should be suppressed, says he

was erroneously denied the right to make an opening statement, and says the evidence is insufficient to support the verdict.

The judgment is affirmed.

On November 4, 1986, a woman was working alone at a market. A man came in and accosted her with a knife. Upon the demand of the man, the woman turned over fifty-seven dollars of the market's money to him.

The woman identified the defendant as the perpetrator of this crime in a pictorial lineup, in a corporeal lineup, and at trial.

The defendant did not testify but offered an alibi defense through one witness. He called several other witnesses whose testimony has little relevancy on the issue before us.

At the time of the corporeal lineup the defendant was being held on other charges. He had not been charged with the offense subject to this case. The defendant was being represented by the same attorney on those charges who ultimately represented him in this case. Officers notified the attorney of their intent to conduct a lineup. Counsel could not be present at the time the lineup was scheduled.

The officer waited approximately one hour for the attorney to appear. He did not, and the lineup was conducted without counsel being present.

■ The defendant argues this lineup amounted to a denial of his Sixth Amendment right to counsel. The right to have counsel present at a corporeal lineup does not attach until a formal charge or arrest has been made on the charges. It does not attach during the investigation stage of the proceedings. *See United States v. Gouveia,* 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984), and *State v. Mitchell,* 593 S.W.2d 280 (Tenn. 1980). This is the rule even though the accused is in custody on other charges and has counsel in those cases. *State of Tennessee v. Bobby Lee Jefferies,* Shelby County No. 123 (Tenn.Cr. App., Jackson, Oct. 9, 1985).

■ The defendant wished to make an opening statement after the state had presented its evidence and prior to presentation of any evidence by him.

T.C.A. § 20-9-301 is as follows:

Opening statements—right of parties to make—In all actions of a civil or criminal nature tried before a jury, all parties thereto, shall have the right prior to the presentation of any evidence in the case to make an opening statement to the court and jury setting forth their respective contentions, views of the facts and theories of the lawsuit.

Counsel for the defendant did not request the right to make an opening statement until after the state's first witness had testified on direct examination. The trial court did not rule on this motion at the time. At the close of the state's evidence, counsel asked to make an opening argument. The trial court denied the motion, holding the motion had come too late.

We agree with the trial court. T.C.A. § 20-9-301 requires opening statements to be made prior to the presentation of any evidence. The failure of the defendant to request the opportunity to make an opening statement prior to the presentation of the state's first witness waived any right to make such statement.

■ In weighing the sufficiency of the evidence, we must determine whether there is sufficient evidence for the jury to find guilt beyond a reasonable doubt.

The state's witness positively identified the defendant as the person who committed the robbery. The defendant offered one witness on an alibi defense. The jury believed the state's witness and not the defendant's witness. The evidence is sufficient to support the verdict of guilt beyond a reasonable doubt.

WADE and REID, JJ., concur.